# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| STEPHEN K. LANPHIER | CIVIL ACTION NO. 06-1490 |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL. | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Stephen Lanphier's civil rights suit (42 U.S.C. § 1983) filed *in forma pauperis* on August 30, 2006. Plaintiff is currently incarcerated at the Madison Correctional Center in Tallulah, Louisiana but he complains of events that took place in conjunction with (1) his arrest; (2) his confinement in Calcasieu Correctional Center (CCC); (3) his confinement in Ouachita Correctional Center (OCC); and, (4) his confinement in New Iberia Criminal Justice Facility (NICJF). Plaintiff names the following as defendants herein: the State of Louisiana; Governor Kathleen Blanco; Louisiana Department of Corrections; Calcasieu Parish Sheriff's Department; Calcasieu Parish Jail; Sheriff Tony Mancuso; former Sheriff Beth Lundy; Detective Octavia Jones; Calcasieu Sheriff's Department Officer Lavergne; Attorneys Thomas E. Guilbeau, Lee Gallaspy (and estate), Ron Ware, Steven Coward, Michael Ned, Katherine Guilbeau Gondron, and Hardy Parkerson; Ouachita Correctional Center; Ouachita Sheriff's Department; New Iberia Criminal Justice Facility; and, Warden Roberta Boudeaux.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

# STATEMENT OF THE CASE

The claims made the basis of plaintiff's suit encompass a three year period from 2003 through 2006. Given this lengthy time span, the following timetable, as alleged by plaintiff, is of assistance:

8/23/03

Defendant Jones goes to plaintiff's workplace, fails to read plaintiff his rights, detains him, and brings him to CCC. Once at CCC, plaintiff was arrested and booked into custody without bail. Plaintiff was "compelled" to sign the Miranda Warning, and his request for an attorney was not immediately granted.

8/26/03

Plaintiff was taken to court without notice or counsel and states that he was not given a bond hearing within five days of his arrest.

8/29/03

Defendant Ronald Ware was appointed as plaintiff's attorney.

9/4/03

Plaintiff was placed in a smoking dorm despite the fact that he does not smoke.

9/16- 17/03

Calcasieu Parish Sheriff's Office searched plaintiff's trailer using an invalid search warrant.

9/17/03

Plaintiff taken to court (without notice). Meets public defender, defendant Steven Coward. Defendant Jones testified at hearing, and probable cause was found.

10/1/03

Defendants Guilbeau and Gallaspy were hired as plaintiff's attorney. Neither attorney pursued any of the above complained of actions.

10/16/03

Plaintiff was indicted.

2

11/17/03

Plaintiff was beaten by five inmates, and he did not receive adequate medical care. Attorney Guilbeau was notified of incident but failed to take any action.

12/1/03

Plaintiff was arraigned.

3/04

Plaintiff was granted bond and left CCC.

11/16/04

Plaintiff was detained at his workplace by a CPSO officer, who failed to state the reason for his detainment or read plaintiff his rights. The officer informed plaintiff that his trailer was being searched. Plaintiff claims that the search warrant was faulty. Plaintiff's belongings as well as his roommate's computer were seized. Plaintiff's truck was searched without a warrant or consent. Plaintiff was arrested (without being read his rights) and booked in CCC. Defendant Guilbeau saw plaintiff the day after his arrest.

4/05

Grand Jury hearing was set but postponed because plaintiff would not sign the waiver recommended by attorney Gallaspy.

6/14/05

Bill of Information issued.

6/27/05

Plaintiff was arraigned despite the fact that his attorney, Mr. Gallaspy, was not present.

7/20/05

Plaintiff brought to court and was informed that defendant Gallaspy was ill and could not continue representing him but that defendant Katherine Guilbeau Gondron would substitute for Gallaspy. Plaintiff was represented at hearing by both defendant Ware and defendant Guilbeau. Plaintiff's bond was revoked.

9/9/05

Upon the advice of attorneys Guilbeau and Ware, plaintiff entered a guilty plea but claims that he was mislead into doing so. The attorneys did not assist plaintiff in withdrawing his plea despite several requests.

9/22/05

While being evacuated from CCC via a vehicle driven by defendant Lavergne, plaintiff was injured when Lavergne struck the back of a bus. Plaintiff was brought to OCC, where he informed a nurse that he was having problems with his neck and back. Plaintiff also informed OCC staff that he could not perform assigned tasks due to his injuries.

10/6/05

Plaintiff was taken back to CCC where he informed staff of his injuries. However, he did not see a doctor until January 2006.

12/2/05

Sentencing held wherein plaintiff fired attorneys Ware And Guilbeau.

12/8/05

Plaintiff attempted to withdraw his plea, but his request was denied.

12/16/05

Sentencing rescheduled for this date.

1/27/06

Plaintiff was transferred to NICJF where he was placed in a smoking dorm, and he was not taken to his scheduled chiropractor's appointment in DeQuincy.

2/10/06

Plaintiff wrote to NICJF Warden Roberta Boudeaux complaining about missing his chiropractor's appointment, not receiving his newspapers timely, the opening of his legal mail before it left the facility, and not being taken to the law library.

2/06

Plaintiff was moved to Madison Parish Correctional Center.

  As a result of the above, plaintiff claims that he was detained without cause, had inadequate counsel, has his life and health put in jeopardy, had inadequate medical treatment, and was denied the right to vote in January 2004. As relief, plaintiff asks this court to "Mandate the State of Louisiana, the Governor of Louisiana Kathleen Blanco, and her predecessors and all

named defendants to pay Plaintiff 10 Million Dollars each for neglect, pain and suffering, abuse of authority, false arrest, false imprisonment, past lost wages to include any potential future wages, and past and future medical expenses."

## LAW AND ANALYSIS

**1. Frivolity Review**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). See 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory

allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

**2. Statute of Limitations**

The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). Therefore, the court applies LSA Civil Code article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case many of plaintiff's causes of action with respect to his specific claims accrued more than one year prior to the filing of this civil rights action. Plaintiff's complaint was signed

6

on August 23, 2006 and was received and filed with this court on August 30, 2006. Therefore, giving plaintiff the benefit of the "mailbox rule"[1], all of his civil rights claims based upon events which occurred prior to August 23, 2005 are clearly untimely.

Thus, plaintiff's only remaining claims are those arising on or after August 23, 2005. Those claims encompass (1) plaintiff's allegations against his attorneys Guilbeau and Ware in regard to the entering of his guilty plea on September 9, 2005; (2) plaintiff's allegations that he was injured as a result of an automobile accident on September 22, 2005 while being transported in a vehicle driven by defendant Lavergne; (3) plaintiff's claims that he did not receive adequate medical care for the injuries allegedly sustained in the automobile accident; and (4) plaintiff's allegations that while at NICJF he did not receive his newspapers timely, that his legal mail was being opened before leaving the facility, and that he had not been taken to the law library.

**3. State Actors**

Plaintiff's remaining claims against attorneys Guilbeau and Ware must fail. More specifically, "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Defendants Guilbeau and Ware, plaintiff's former attorneys, are not "state actors" and cannot be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*,

---

[1] See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. Under the prison "mailbox rule", pro se prisoner is deemed to have filed a document in federal court when it is deposited in prison mail system. *Stevenson v. Anderson,* 139 Fed.Appx. 603, 604, 2005 WL 1367766 (5th Cir. 2005), citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998).

454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Consequently, plaintiff's claims against these defendants lack an arguable basis in law and are frivolous. *Nietzke v. Williams, supra.*

**4. Medical Care Claims**

Plaintiff claims that he was denied adequate medical care. To state such a claim under § 1983, a prisoner[2] must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). Thus, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble*, 429 U.S. at 105-07. Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment.").

---

[2]"[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir.2001).

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official [s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

The evidence before the court does not support a finding of deliberate indifference. The complaint establishes that plaintiff was seen by medical personnel at various facilities relative to his allegations. Further, as noted above, a prisoner's disagreement with his medical treatment does not give rise to a claim under § 1983. *Norton*, at 292. The facts alleged by plaintiff do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any conduct that would clearly evince a wanton disregard for any serious medical needs. Thus, it is recommended that plaintiff's medical care claims be dismissed.

5. **Claims Relating to Automobile Accident**

Plaintiff alleges that he was injured as a result of an automobile accident on September 22, 2005, while being transported in a vehicle driven by defendant Lavergne. Claims to recover damages for personal injuries resulting from the alleged negligence of defendants are not cognizable under §1983. Such claims are redressed under the general tort provisions of Louisiana law as negligence claims See, Louisiana Civil Code Article 2315. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995): see also, *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 101 S.Ct. 1908, 1913-17 (1981). Thus, plaintiff's claims in this regard constitute a state tort claim for negligence rather than an actual constitutional violation, and are not cognizable under §1983. *Daniels v. Williams*, 106 S.Ct. 662, 664 (1986).

6. **Access to Law Library and Reading of Legal Mail**

Plaintiff states that on February 5, 2006, he put in a request to go to the law library at NICJF but was not taken prior to his transfer from the facility later that same month. Plaintiff also states that his outgoing legal mail was being read prior to being mailed. Under the facts alleged herein, these claims would fall within the gambit of the denial of access to court. As such, plaintiff must set forth facts showing that he was denied access <u>and</u> that he sustained an "actual injury". *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). An inmate's right to meaningful access to the courts entails access to adequate law libraries; however, [l]imitations may be placed on library access so long as the regulations are reasonable related to legitimate penological interests." *McDonald v. Steward*, 132 F. 3d. 225 (5th Cir. 1998). Therefore, before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." *Id*. Under the facts as alleged by plaintiff herein, it is evident that plaintiff cannot meet this criteria. Specifically, plaintiff was transferred from NICJF within a few weeks of his request to go to the law library. He was then transferred to his current location (MCC), from which he filed this suit. Given the limited period of time from plaintiff's law library request and his transfer to a facility from which he was able to file this suit, there is nothing indicating that he was actually prejudiced in connection with any pending or contemplated legal proceeding by any alleged act or omission by any of the defendants named herein.[3] The same holds true for plaintiff's claims regarding his mail. Plaintiff's assertions are insufficient to withstand scrutiny under §1915(e). See *Krueger v. Reimer*, 66 F.3d at 77; *Wilson v. Budney*, 976 F.2d at 958; *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v.*

---

[3] See also, *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir. 1975)(holding that prisoners not confined at a facility for long enough time to petition the courts had no right of access to legal materials).

*Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Because plaintiff does not allege or even indicate that he was ever actually prejudiced in connection with any actual or proposed legal proceeding, his claims do not provide a basis for recovery under §1983. Therefore, plaintiff's denial of access to the court claims in this lawsuit are insufficient to withstand scrutiny under Section 1915(e).

7. **Unlawful Detention**

To the extent that plaintiff contends that his continued detention is unlawful, the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87,114 S.Ct. 2364,129 L.Ed.2d 383 (1994) bars such claim. Specially, in *Heck* the Supreme Court held that a §1983 claim attacking the constitutionality of a conviction or the ensuing imprisonment of the defendant does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir.1996).

Plaintiff herein makes a myriad of claims contesting the validity of his arrest, detention, and entering of his guilty plea. Plaintiff has not alleged or shown that his conviction and confinement have been reversed, expunged, or otherwise invalidated. Hence, no §1983 cause of action has yet accrued and this claim should be dismissed with prejudice until the *Heck* conditions are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 8, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE